Please call the case. 3-18-0-3-2-2 Carl Schultz, Lance Schultz, appellants by Aaron Galloway, v. Dr. Halpin, accolade by Megha Preston. Please proceed, counsel.  Counsel, this case was started with a filing of a complaint. There was five main alternatives. One, the plaintiffs wanted to associate a partner who could engage in wrongful behavior. The second count says the plaintiffs in the alternative to count one of the plaintiffs' complaint for count two request that the court declare the dissolution of the partnership. The reason that was done is because the partnership act lays the rules and the groundwork for how you get to dissociation or dissolution. It takes an application by a partner to dissociate another one. To dissolve a partnership takes an application by a partner. And then there are judicial determinations and the grounds are different. This is very important because the purpose of the pleas is to frame the issues and set forth the relief the court is empowered to order. And that's in the pepper construction case. It is a first district case, but our position is consistent with the body of law. The plaintiff is the master of the complaint. The plaintiff frames the issues for the court to decide. And in this particular case, the court found that the plaintiff prevailed on the grounds for count one and grounded count two. Am I correct in that you were seeking statutory relief, not equitable relief? That is correct, Justice. Accountings are in equity, but they are also confined by statute. And a case that I think this is most like, actually the Supreme Court case from 1858, the Stone case that I had cited, in which a person who wanted to redeem, I believe it was taxes, missed the statutory deadline, went to the courthouse, filed a bill, got the judge to order, he can redeem the taxes, they have to give him the title to the property tax. The Supreme Court said no. It is a court of equity, but you are confined by the statutory provision. It is the statute that limits your discretion to fashion remedy, fashion relief, when a plaintiff files the case. That would be similar to the Westland case, which was a maintenance lien case, a second district case in 2001, in which the court, the issue was whether or not they are following a mechanics lien. Mechanics liens, the appellate court acknowledged, this is a court of equity, there is equitable relief, but you are confined by the statutory provisions of the mechanics lien. We are not going to disregard what the legislature puts in the law. In this particular case, these pleadings frame the issue for the court, and when the court found plaintiff prevailed on count one, that is where it should have stopped. At that point, the judgment should have been entered, and the court does have equitable powers to fashion a remedy for dissociation, that is still a thought. There is no prohibition going to the second count, is there? You tried them both. They were both set for hearing, but all the authorities that I cited talk about when there are multiple complaints, the plaintiff can elect a remedy any time before final judgment when they prevail on multiple counts. It is the plaintiff that is in the best position to determine the theory of recovery best suited towards its end. Many times you might have a contract complaint, and they might file I want rescission or I want damages. If they prevail on both counts, that is up to the plaintiff. Now, the respondent filed pleadings. In this case, the defendant did not file a petition or a complaint seeking a dissolution. No, they filed a response. They filed an answer, but they did not file a pleading seeking a dissolution. They did not apply to the court for a dissolution. If they had, the case would be different. Then the court could have said, I'm fine on both. They're competing. Now I've got the power because there's a pleading brought before me properly that seeks a dissolution. That wasn't the case here because... Well, I'm going to stop you just for a second. The response opposed dissolution, correct? It did. So they weren't asking for dissolution either in the response or by filing a counter complaint. Correct. So they never asked for dissolution, the other side. The only reason we're here is because the plaintiff filed a pleading, and if you disregard alternative pleading, if you say basically, we're going to disregard what the plaintiff's filed, we're just going to ignore the complaint, there are going to be substantive problems with that. It puts the plaintiff in a position where they're sitting there drafting a complaint under the Code of Civil Procedure. I can do alternative theories. All the case law is favorable to that. We don't want to limit people because you don't always know the facts. You don't always know what the judge is going to find wrongful conduct in dissociate department. And if the partnership's not working, you'll want to file that second count so you don't have to come back again, and you carefully plead it as an alternative count. That frames the issues. In the cases that I cite, we talked about how the court has an obligation and a duty to go in sequence of what the plaintiff had filed, because it is the plaintiff that empowers the court to act. It's the complaint, I'm sorry, not the plaintiff, the complaint, the pleas. So if you ignore what plaintiffs are filing in their complaints, it's going to chill alternative pleading. There are going to be multiple trials, multiple complaints, because plaintiffs are going to be afraid. If I see the rescission and breach of contract, two competing theories, I don't want rescission because I might get less than my actual damages, so they won't file it. Because the court might just say, well, I don't think that's fair. And in this case, if the defendant wanted the dissolution, he could have filed his own pleading. He should have filed his own pleading. But he didn't want dissolution. I'm sorry, correct, he did not want it. The defendant says that basically we invited this error, that we asked for it, so it cites authority. The problem is that in all the authorities cited by the defendant, those are circumstances that simply don't apply here. One of those was a red light case, the Gennardi case from the city of Chicago, where the parties stipulated to the execution of a bystander report, then later argued it was inaccurate. That is the type of invited error that the court should not correct. That was the part. We didn't invite this error. It says it in the complaint. I restated my position to the court before it entered the final judgment. We prevailed on both. We want count one. The next case was Morris, I'm sorry, Goldmine, which was a legal malpractice case. In that particular case, the attorneys that were sued for malpractice, the problem they had is they told the plaintiffs, just wait, just wait, we don't want to settle the case, we'll resolve it when you're done with your underlying malpractice case. But then the attorneys come back and complain, well, why should we pay interest for all the time that's waited? Well, they invited that error when they told the other party, just wait, we'll resolve your underlying complaint, then we'll deal with the malpractice. They can't complain about that. In the Stevens v. Taylor case, that was the Housing Authority case, they appealed a ruling. In this part, they appealed the ruling seeking a new trial that was their own motion. So there, the party comes before the court, did not like something that happened, said, trial court, I want a new trial. They get the new trial, they don't like the outcome, and then they appeal. They invited that error. We didn't ask the court to disregard count one. We said, court, please, this is our complaint, we're the master of our complaint, we've prevailed on count one, we've won the judgment. We don't want to get to count two until we lose on count one. Well, count two is contingent on the partner staying in the partnership, because that is what becomes unworkable. Correct. So there are elements of the two causes of action that are mutually exclusive. You really can't find both. Based on the complaint that was filed, it is impossible to both dissolve and dissociate, because the only person we're complaining about is the defendant. They're saying, hey, this is workable, we'll work, we just can't get along with this one person. There was no pleading brought before the court that says that the remaining partners would not be able to continue the partnership. In fairness to the court, you know, it's a small county, I'm sure maybe all the parties knew each other or lived in the same neighborhood, and a lot of times the court will fashion equitable relief. Obviously they're not disagreeing that the partnership should have been dissolved. So it happens all the time. But when it comes to our attention, that's when we have to really follow the specifics of the statute. Do you understand what I'm saying? A lot of times courts will compromise, split the babies, and everybody walks out happy, even though that might not be what the complaint requested. Or everyone walks out unhappy. Everyone walks out unhappy. There's two ways of looking at it. Don was the one who farmed the property, right? Correct. As a farm town. Not as a partner. He was paid and he had a lease that was then terminated and a receiver was appointed. So under the Partnership Act, a partner can only possess property as a partner unless there's an agreement. Here they had a written lease that was approved, and then it was in the annual minutes every year. So he was both a partner and a tenant. Correct. But he had rights as a partner. He did have rights as a partner. Co-equal with his other partners. Yes. And he was the one that all of them at one time agreed he was going to farm the land. And he did for how many years? He was involved in the farming for I think it was almost 40 years. There was another brother that's no longer part of the partnership that left in 2002 that also farmed. The ground has continued to be farmed during the pendency of all of this, not by Mr. Halpin, but by somebody else. And I think if the question is directed at is it fair that he should continue, the problem is this partnership contemplated want and outside manager. It's in the partnership agreement. Well, the judge didn't have him continue. I'm sorry? The judge didn't have him continue. He did not have him continue. There's somebody else now farming, and part of I think the disagreement, or you get down to the brass tacks of this, he was not farming as a partner. He was farming as an individual. The partnership would decide who needs to farm the ground, what would the management rights be. They had always appointed a manager, so the manager would work with the farm tenant, which was not always Mr. Halpin. It was Patricia Ryan at some point. And say, okay, what crops? What are the terms of the lease? And it was always a year-to-year lease. If it was intended that a partner would always be farming the ground, and that's the only way the partnership would have been continued, that would have been in the partnership agreement. But it didn't say that. Now, under your view, what would the partner who was disassociated receive? He would get a buyout for his portion. Of course, this is why it's important, because if he's dissociated, we appraise the value, you go back to the partnership act, and you follow all the rules. He gets a buyout, the partnership continues. If it's all sold, well, then everyone takes a hit, because if it's dissolved, the partnership gets sold. So if we're talking about ground, it's been in the family, and the basis of that goes back over 40 years. That's what's at stake. So it is very important whether it's dissolved or whether there's a dissociation, because the remedy, the effect on the plaintiff's will be drastic. And that's why it is important if you're involved in, if you're filing and coming before the court to file the proper plea to get where you want. That's what we did in this case. What's the difference that the disassociated partner would receive under the one action versus the other? I believe it would be the same, because either way, his portion is being transferred in a taxable amount. So it doesn't matter. It's not tax-free if it's one or the other. I mean, the defendant takes a hit either way, and it should be the same effect. He's going to sell his portion of the partnership. Counselor, you have two minutes. I have two questions. What is the harm from the dissolution? Can the partners not reform? Well, the harm would be that the ground has been in the family for years, not just by one, but they've all been involved in the partnership for many, many years. That partnership would be terminated. They could reform another one, but now they're going to have to find new ground. It's not going to be the same ground that's been in the family for many, many years. They want to continue the family partnership. That's because the trial court ordered that the property be sold.  Okay, so at the time, there was a point in time, I think May 24th, if I remember correctly, where the trial court indicated what his decision was going to be. Was there anything done at that point to try to intervene in that decision? Yes, Your Honor. I did file an appeal after that within the 30 days. It was sent back untimely because there was not a final appeal order. That was our summary order, yes. What did you do in the trial court, though? I argued that the same argument I made, now I file a written argument, and I ask that court enter an order on count one. I think at that time I indicated I didn't have a case directly on point that says, in this particular case, this is what you must do, but I argued the general principles of law that I put in my brief. If the partnership is reformed, they can attempt to buy the property, correct? They're not prohibited. It's just the market's going to dictate who gets it. And there's going to be a taxable event when they sell the grounds. They'd be selling the ground, take the capital gains debt, and then turn around and try to buy it back. That's what's at stake. I mean, one of the major differences is under one way, it's only a taxable event to associate a partner. Under the other approach, it's a taxable event to everybody, even if the other two partners are unsuccessful bidders, I suppose, on the property, correct? That would be my understanding. I'm not a tax attorney, but that was our basic concern, and that's my basic understanding. Is there a thought that under the second approach, the property might go for more than under the first approach? In other words, the disassociated partner would receive less under the second approach than under the first approach. The court never made any reference to that or alluded to it in any way. Practically speaking, if you get the appraisal price, that's better than paying the cost of the auctioneer and the cost of the sale. Depending on what the bids are. Of course, depending on what the bids are. And how determined are the bidders in bidding the property, right? Correct. And, of course, it depends on how accurate the appraiser is, too. I have one last question. Our standard of review is abusive discretion. Is that right? I believe that it is. There is the jurisdictional component as far as when you file the complaint, the court gets the court jurisdiction. I believe it's abusive discretion because the court had jurisdiction. I mean, you filed at one time. So I didn't. That's why I framed it as abusive discretion. But I think, and my basic argument is that discretion is confined by the proofs and the complaint and the statute. And the proofs substantiated both of the claims, both of the counts. The court did prove, I believe it was in the written order, and I think it was when I had filed another motion after the May 24th date. And I believe I cited it here. He said that it stands on both counts. His finding stands on both counts. Both counts stand under the discretion of the court. Okay. And then the court decided that the fact that there was no, the person who had been farming it was not going to be available anymore if he just went the dissociation route and that none of the other partners had any experience with farming. And he said he then exercised his discretion to say that I think that the better remedy in this case is dissolution of the partnership. But the problem is that those are not statutory factors. You go back to the partnership act, and where do you get there? Application by a partner. And that was my complaint with the trial court. As I tried to question on issues about who else could farm, and the trial court cut me short. And I didn't get to present that evidence. It's not relevant. We were only there to determine was there wrongful conduct that would justify the dissociation or is there, is it not reasonably practical to carry on based upon what we found. And that was the basis on which the trial court determined that it was not practical to continue. After cutting me short on my ability to present evidence, I wasn't able to present evidence. That's not predictable. That's not part of the partnership act. That's where he went, I believe, beyond his discretion in error. Because those are not predictable things. It's not part of the statute. It takes an application by a partner, and then it lists the grounds that you can prove. It doesn't say you have to prove that if the person is dissociated, then you can continue the partnership. It just says you have to apply for it and prove he was wrongful in his conduct. At that point, it should have stopped. He shouldn't have held us to a higher standard than the statute because when we tried to get into those factors with the witnesses and tried to get into that material, I was cut off. Well, this is irrelevant. We're dealing with a complaint. If we do that, it opens up these complaints to us. Trials will take forever because we're going to have to think what might the court, let's just set aside the statute, forget about what the statutory factors are, and what might the court base this decision on, and now I have to guess, and now I'm presenting all the evidence, I'm going to draw the proper objection if that's not relevant. Thank you. Did the court terminate that line of questioning, or was there an objection that was sustained? I believe the court did it on its own. I'm not going off on that. So I want to ask you, do you think this is a matter of a strategic error on your part for filing the complaint in the alternative? Because had you only filed a single-count complaint, the judge could not elect remedies. I don't believe so because I did it in the alternative. If I filed a one-count complaint and said, Judge, please either dissociate or dissolve, pick one of the two, I have empowered the court to do that. I think it would have been fairer not to do that because if the court says, Look, you can't prove the wrongful conduct, but since you didn't do anything else, these people are stuck with a partnership that can't act because one person receives control. I mean, that's what got us there is we wanted to be involved in my clients that couldn't get involved because one person would not yield up the partnership properly. They terminated the lease. It was the only practical way to proceed in the course of action. You've answered my question. Thank you. All right. Thank you. Counsel. Good morning, Your Honor. May it please the court and the counsel. My name is Mary Preston. I represent the employee who was defendant in this case, Donald Halpin. I think counsel and I both find ourselves in an unusual position in this case in which plaintiff's counsel is arguing that a judgment in favor of his client should be vacated, and I'm arguing that that judgment should be affirmed. Based on your questions, counsel, I can discern that you're wondering, that you asked whether we brought a claim for dissolution. Obviously, my client didn't want the partnership to be resolved, which would be the reason that we didn't request it be resolved. But we are in a case here where the plaintiff's brought a two-count complaint. They asked on the one hand that my client be disassociated as a partner. They asked, on the other hand, that the partnership be dissolved. I disagree to some extent that these – actually, I disagree completely that these remedies are mutually exclusive. In fact, the section of the statute that discusses dissolution and the basis of dissolution for a partnership include the dissociation of a member, him, to the dissolution. So I disagree that the trial court could not have granted both remedies if that's what the plaintiff had asked for. The plaintiff itself is – the plaintiffs themselves are the ones who opted to proceed on these counts in the alternative. And that's not really what election of remedies refers to. Election of remedies is a legal doctrine, not a procedural right. Election of remedies refers to a case in which you choose one legal remedy which may bar a subsequent legal remedy that is in direct conflict. In other words, if a plaintiff opts to proceed on a claim to rescind a contract and that option is successful and the court finds that the contract is void, he cannot subsequently bring an action for breach of that contract and seek money damages because there's already been a determination that that contract doesn't exist, even if the facts would otherwise exist to show a breach of contract. And that's really not what we have here. I appreciate the clarification. It was that counsel that injected that term into the argument. It was me, so thank you for clarifying. Sure, I appreciate that, yes. So to me, this is not a case where there were mutually exclusive remedies. This was a case in which plaintiffs decided they wanted one remedy or the other remedy. We went through lengthy discovery in this case. They opted to proceed to trial on their request for both remedies. At the conclusion of the case, the judge advised the parties how he was inclined to rule. That was in May. We then come back several weeks later for entry of an initial judgment order. It wasn't until months later that the parties finally had a final judgment rendered in this case finding a judgment of dissolution and denying the claim for disassociation. And in that time, plaintiffs made no attempt to elect a remedy or to, for example, they could have dismissed their claim for dissolution at any point in time. They could have requested that from the court. They could have requested it before trial. They could have requested it during trial. Well, there's a risk there, though. There is absolutely a risk. Maybe the court wouldn't allow it or maybe the court would be offended and change its mind. Sure, sure, and I completely understand that. Sometimes parties are required to take risks and risk a situation like this where they would prefer one remedy but they got the other remedy, but they requested that remedy. And the cases that I cite in my brief, in particular the Stevens case and the Morris case, we have similar situations where a plaintiff requested two remedies, a primary remedy and an alternative remedy. They were granted the alternative remedy, appealed that decision, and the Supreme Court in both of those cases said, no, the plaintiff requested this remedy. He cannot now come back to the appellate courts and complain that the trial court gave him something that he asked for. And we have an identical situation here. The fact that it's by a pleading or by a motion is not determinative. We went to trial on a pleading that requested two points of relief. The plaintiff now requests that this court vacate an order granting the dissolution of the partnership even though they're the party that asked for it, and that's improper. So then on remand, do you get a ruling from the court that your client is disassociated? I don't think that's what the plaintiff's going to ask you for. I think the plaintiff could potentially have asked for that, that they get an order granting both dissociation and dissolution, although that's not what they asked for. And I mean that only in a procedural manner, not as to whether it's able to work. But we still have a finding by the trial court that count one was, that allegations in count one were met. But you have a finding but not a judgment. Correct. Wouldn't we remand for the judgment to be entered on count one? And would you be opposed to that? Yes, I would, and here's why I would. Because the court didn't stop its analysis on solely that issue. The court then considered the statute brought before it by the plaintiff on the requirements for dissolution. And one of the reasons that a partnership can be dissolved is if it's no longer reasonably practical to carry out the business of the partnership. And that's what the court found. The court found if I dissociated Donald Calvin as a partner, then that triggers the need for a dissolution, because based on the facts presented at trial, I'm finding that it will no longer be economically feasible or reasonably practical for the partnership to be able to carry out its business. And that's the reason for the dissolution. The partnership with Mr. Halpin is still in the partnership, because he didn't disassociate him. He just went straight to dissolution. Correct. And obviously a dissolution stops the partnership business. The effect in some respects is the same as far as Mr. Halpin is concerned. Whether he's dissociated the needs and gets a buyout or the partnership is dissolved, he is not able to continue any partnership business. And that's why the court found that dissolution was the appropriate remedy, because if Mr. Halpin is removed from the situation, then the business of the partnership has to be terminated. Isn't that wrong? I don't believe that it is. Well, if Mr. Halpin was only doing the work, the farming work, as a lease or pursuant to a lease, he was not doing it as a partner, there's nothing to preclude the partners from leasing to someone else to do the farming. There were actually two different aspects of the work Mr. Halpin was doing. He was doing the farming work as a farm tenant. He was also the person who was managing the business operations, and he had been the person managing the business operations for some time, first back to 2012 by himself, and hired that in conjunction with one of the other partners with his sister who subsequently died. Right, but he was doing it as an assumption of that work on his own. It was not voted by the partnership, and the partnership did have the ability to vote him out or to say you were never properly installed in this position and we're going to hire someone else to do that. Sure, potentially they could have, but they still would have needed to demonstrate, at least once we were involved in proceedings in front of the court, that this business could continue without Mr. Halpin being involved. One of the factual issues raised during the trial was where each of the partners lived and whether they had any experience at all in any sort of a business operation, because up to the point that this case became involved in the courts, this had always been a family endeavor. There was always a family member or partner who was running the business and farming the property, and here we had plaintiffs who lived as far away as Virginia and plaintiffs who had never had any involvement in the actual farming operation, the business of the property, the management of the partnership in any real manner, and the farming experience on top of it. You know, the trial judge found both counts, and the question is, is that inconsistent? I mean, the statute for disassociation states that after, you know, you find that the person committed a material breach, let's say the partner engaged in conduct relating to the partnership business, that makes it not reasonably practical to carry on the business in partnership with the partner, okay? And then in dissolution, it's another partner that's engaged in conduct relating to the partnership, which makes it not reasonably practicable to carry on the business in partnership with that partner. Are those inconsistent or opposed or similar? I think they're similar. I don't think that there – I certainly don't think that there is any reason you can't make full findings, and I think in particular here that the court in ordering a dissolution was focused on the economic purpose of the partnership being unreasonably frustrated if Mr. Halpern were no longer involved in any respect, and it would be otherwise not reasonably practical to carry on the partnership business in conformance with the partnership agreement. And the partnership agreement referred to the family farm partnership and obviously contemplated this being a continuing family business, which goes to what I was discussing just a minute ago with the other partners being either located far from the property or lacking experience in any sort of farming business, whether it be through running the business operation of the farm or from the actual farming, that there was nobody else who could take Mr. Halpern's place and run this family farm business as required by the agreement. Well, I guess the question is, are the two inconsistent where you'd have to make – as a plaintiff to say to the court, okay, you make findings on both of them, but I elect remedy one rather than remedy two, or is the dissolution as a practical matter and as a legal matter include all the elements of a disassociation and then an additional factor that it's not otherwise reasonably practicable to carry on the partnership business in conformity with the partnership agreement? I think that's what the court found here, yes. That all the factors existed for both and then maybe that additional might be. Yes, I do think that's what happened. I do not think that those are inconsistent results. So, is it legally possible for when the plaintiff filed a complaint, the plaintiff, I guess, is in charge of what they're asking for, and so they ask for disassociation and then the alternative, dissolution. So, I guess formally until the appeal did the – or until the judgment did the – prior to the judgment, was there a formal request saying we elect one, not two? I don't believe so. I don't remember that occurring if it did. But it happened afterwards? If it did, it happened afterwards. I mean, once the appeal was pending, I mean, that's certainly what they've asked for. I don't remember any motion before the trial court, but I could be incorrect on that. I do know that they allowed the claim to remain pending and never withdrew their request for a dissolution. When the court decided that dissolution was necessary, the court was not including your client as part of the partnership, correct? Nobody would be there to file? Nobody would be there to file. So the court was assuming he had disassociated Mr. Halpin and then went farther and said the partnership can't survive without him. You guys don't know what you're doing. So he did really both. I certainly see your argument. I certainly don't know what was in the judge's mind. What he specifically said is if Mr. Halpin is gone, then dissolution is the required remedy. There was never, or was there, an order saying he's disassociated? No. So the judge makes his findings, pursuant to the statute, about the elements in one that he's engaged in wrongful conduct, etc., etc., he will flee and persist in a committed immaterial breach, etc., etc., and he engaged in conduct relating to the partnership that makes it not reasonably practicable to carry on the business. He made those findings. Now, did he then say, I disassociate the partner any time in any judgment? No, he did not specifically say that, no. Then the judge in the findings went on to find the elements of dissolution that the economic purpose is likely to be unreasonably frustrated based on this conduct. Another part was engaged in conduct relating to the partnership business that makes it not reasonably practicable to carry on the business. He made that, and that was all part of the elements of disassociation. And then he goes on to make the findings that it's not otherwise reasonably practicable to carry on the partnership business. So when the judge entered the judgment after making findings on both, the judgment was on count two. Yes. Not on count one. Right. If this had been a jury trial, how would the jury have been instructed? My guess is that there would have been, they would have had to make the factual findings first, and then presumably they would have elected, which since the plaintiff fled this alternatively, they would have been instructed, I assume, to determine which remedy was the appropriate remedy. But I really don't know. I could foresee a situation where the instruction was, if you find there's a wrongful act, then do not, and return a verdict on count two. Sure. I really don't know, but I'm not really certain. But I think the important point, at least for me in this, is that the plaintiff chose to plead his claims in the alternative and didn't ask for dissociation to be the remedy over dissolution until the appeal. The plaintiffs had plenty of opportunities in which they could have, the judge showed them exactly what he was going to do. He told us on the record, here's what I'm going to do, long before the final judgment was entered. And the plaintiffs took no action to ensure that they were receiving the remedy that they really wanted until the appeal was filed. Is there legally a judgment on count two, given all the findings? Is that legally inconsistent, that judgment in light of the findings? I don't think that it is. And when it's this kind of situation, is there any case law at all that says that if you ask for dissociation and or dissolution in the alternative, that that somehow is inconsistent, or that the plaintiff absolutely has a right, when the judge makes all the findings, including the finding of three that's not otherwise reasonably practicable to carry on the partnership business in conformity with the partnership agreement. When that finding is made, can the plaintiff still say, I have a right to make an election on one, and stop you from making that additional finding? I didn't find any case law that discusses the issue in the context of the Partnership Act specifically. I only found the law that I cited, in which plaintiffs generally asked for two different types of relief, those types actually being inconsistent in those circumstances, particularly in the Stevens case, in which the plaintiff requested that, on the one hand, there be a judgment notwithstanding the verdict and judgment entered in her favor, or, on the other hand, asking for a new trial. She received a new trial, and the Supreme Court subsequently found that she could not challenge that order. But no, I did not find anything specifically interpreting the Partnership Act on that point. Are there any cases at all that indicate that finding all the elements of a disassociation would be inconsistent with a finding, in addition, that given all those findings, that would they fit under the one and two in the dissolution part, that the economic purpose of the partnership is likely to be frustrated, and another partner is engaged in conduct that seems to be consistent with the first partner? Is there any case law that indicates that making all the findings of disassociation would not allow the judge to, when there was pleading of any alternative, to go to the final element in the dissolution? None that I'm aware of, and I don't know why there would be. Another question for you. Of course. Are you allowed to take conflicting positions in the trial court? You said, don't dissolve. I don't want you to dissolve. I don't want you to remove me. I don't want you to dissolve. And now here, you're flipped and saying, good job, judge. We agree it should have been dissolved. Can you switch positions after you've pled? Well, I certainly think that plaintiffs can, that I can. But my point is, we asked before trial that the dissolution not be granted and that dissociation not be granted. That's how we pled it in our response of pleadings. And then we went to a trial, the judge heard the facts, and we accepted the court's judgment as he issued it. Thank you. And I guess then the way you pled it is you don't want anything to happen to the partnership. Right. Yes. But the judge is making these findings, so you, in essence, for purposes of this appeal, you didn't appeal his findings then. Okay. So he's finding that, so. We were ready to give up, yes. You gave up on that. Yes, we did. And now you're saying that, okay, we give up, and if we have to live with something, we're just living with what the judge has done. Yes. Well, what you're saying is, we give up, and if I don't get to be part of the partnership, nobody does. That's really what you're saying. I would not put it in those terms. All right. But is it fair to do so? I think that it is. I think because we aren't the ones who requested the relief in the first place. We are not the ones who asked to go before Your Honors. We did not file an appeal. We did not file a cross-appeal. We're just saying, let's stop. The judge made a ruling. He made a ruling that you asked for, and it's inappropriate now for you to complain about that. You got what you had coming. Yes. Sort of. Yes, that would be our position, yes. Just to close, we would ask that the judgment of the child court be affirmed. Thank you very much. You know, the pleadings are risky and the trials are risky. And about, you know, what relief should, you know, especially in a criminal context, someone who doesn't want to ask for a lesser included sometimes can be very tricky. They go for it all. So in this kind of case, you chose to plead in the alternative. Yes, sir. Is there any case law that suggests that when parties plead in the alternative and they don't dismiss one of the counts, in other words, they go to trial on the whole thing, pleading on the alternative, and then the judge makes a ruling, is there any case law where the alternative pleadings aren't necessarily legally inconsistent where you can say, Well, Judge, now that you've done it, we want to have you ignore the fact we pled count two, so we want you to stop at count one. You know, I cited a bureau service count in my brief. Part of that case cited whether the plaintiffs may plead factual allegations in legal theories in the alternative, and at trial choose which theories of recovery to pursue. To pursue. When we complete it. So we can go to trial, we can pursue it, until we get that final judgment, that's going to give me a bunch of remedies that would bar me from changing my mind. See, that's what I, that case is a little, that case is different. When you, it appears to me that you can do all that, which you pursue and so forth, but then there's a time where you, you're going to plead in the alternative, but then there's a time where you must make an election. And typically, that election is made, typically that election is made prior to a judgment from the court. I filed a written opposing argument, an oral argument, but on the May 24th date, I told the judge I'm abandoning count two. That was after you had a whole trial. I'm talking about most, most of the time where you see the election made, is before the trial. I believe this case, in Paro Service, also all the ones that I cited, I mean, those all dealt with cases in which they actually won on multiple conflicting ones, and the plaintiff got to choose. It never talks about the trial court selected a remedy that bars the plaintiff. Were they inconsistent? Yes. They were inconsistent judgments? Yes. One was a breach of contract and then also rescission. Are you coming to that reformation rescission? So the cases that I'm aware of and that you cite, where they're doing this is the remedies, I mean, the findings are inconsistent. On one hand, you're reforming a contract, and you find that there is a contract. On the other hand, you find, for example, in a rescission that there wasn't a valid contract intervention. Correct. I mean, so those things are, you can't find, those are inconsistent. You can't find them both. And that's what those cases are like that. In this case, you can't find them both because the only application was nine months, and one of them was specifically in the alternative to the other. And that's why I come to the statute itself. It appears that all the findings made for disassociation are not inconsistent with the first two elements of a dissolution. The only difference, and it doesn't appear to be inconsistent, the only difference is in a dissolution, you make the further finding that it's not practicable to carry on the partnership business in conformity with the Partnership Act. That's an additional finding that you don't make in a disassociation. Because are the elements of a disassociation inconsistent with the first two findings in a dissolution? In practice, it's inconsistent. No, I understand. There's a difference in what happens. One thing, the partner's thrown out, and the other, you have this forced sale and so forth. But I'm asking, legally, are any of the findings made to disassociate inconsistent with the first two elements of a dissolution? They could all fall within the effort. You could potentially have both. If you had one bad partner you wanted to dissociate, and then later you say we should just dissolve, we can't carry on. I mean, you know, and I see cases where they do this. I mean, usually there's one or two partners that the other person shouldn't be involved anymore, and it's a question of how this is all going to happen. And for a dissolution, the third factor is the only additional factor. So in this pleading on the alternative, when you go to trial, you've tried all this, and so then the judge in this alternative pleading made this judgment that even though I find all the things in one, which are sort of included in the first two of a dissolution, I further find this third factor that it's not reasonably practical to carry on the partnership business as a formative of the partnership agreement. And that finding is made in contemplation of the fact that there's only going to be two out of the three left. And if you had two out of the three left, and you kicked the one person out who was doing the farming, this judge found that therefore it wasn't reasonably practical to carry on the partnership of business as the partnership agreement with all three of them existed. That's the judge's finding. But he was wrong, because he said that they were out of state, out of the county, there were two partners. Well, when you say he's wrong, that's an appeal on... You're saying that that was under the standard of review. That was an improper finding. That was in part two of my brief, the abuse of discretion, where he made these factual findings which were simply not true. There's a brother that is a farmer, that would have been the farmer. We didn't get to go to that, so that's not relevant. That's off my question. That's where basically it says, no, you can't present that evidence, and because you didn't, now I'm going to say, no, you can't prevail. And where in your brief do you talk about the admission of the evidence? I'm sorry? Where in the brief do you talk about the admission of the evidence? It was in the statement of facts. I said that the trial court would come before me and give a statement. Well, I know you did in the statement. You talked about what happened. Where in the issue did you talk about the evidence that should have been included was prevented from... Part two of my brief. I talked about how there's a brother. You could have heard that he would have been the farmer, that there were other farmers that were actively involved. The only reason... And that was a statement why the judge, you think, abused his discretion. Yes. Okay. But that wasn't specifically on the evidentiary point. That was why you think that finding was an abuse of discretion. Correct. What evidence did the trial judge have that without Mr. Helfman, the remaining partners could not run the partnership? What evidence did you present as plaintiff to show that if Mr. Helfman was gone, the partnership could not continue? Carol Schultz testified that they would continue the partnership, that they all got along. The only problem they had was with the defendants. Margarita Anderson also testified. She was in the area. She tried to get the taxes. They tried to have meetings. She refused to show up. They voted... Okay. I'm not asking what evidence you had supporting that the partnership should continue. It was presented. I understand that. But my question is just specific. You are saying we put on evidence that the partnership could continue without Mr. Helfman. What evidence did the trial court receive from Mr. Helfman's side that shows the partnership couldn't exist without him? There's no evidence that shows that it couldn't exist without him. There's none. All right. So... I think he was basically inferring this is a family farm. It's not fair that he was cut out because of the wrong... You've answered my question. Mr. Galloway, I have a question. Is there anything in the partnership agreement that requires that a partner do the actual farming? No. Absolutely not. Is there anything in the partnership agreement that requires that a partner be the manager? Absolutely not. In fact, it says you can now cite manager, which they tried to do, and that's in the record. So the trial court's findings were essentially wrong. And it's in the partnership minutes. It's in the record. And I cited that, and that was my problem on the second part of my brief. But not getting lost in the weeds on the issue of the co-existent remedies, I still think this comes back to the Tucker case when it's the pleadings that frame the issue for the court. That's why we file pleadings. That's why the code of civil procedure matters. They do define the thing in here. You had counts one and count two. That framed the issue. Correct. And then you go back to the partnership packet that says the application by a partner, and it was a contingent application. Then the case that I cited talked about, and I'm inferring from it because there's nothing directly on point, but these are all cases in which they get judgments on both, and then the plaintiff has to come back and shoot. You can't go after both and then just see how it works out. Those are when they're inconsistent. Correct. And that's the – I mean, you see the problem. I'm saying are they really inconsistent? Well, it's inconsistent with the pleadings here. Well, there were two. There was a plea for disassociation, a plea for dissolution. Both of them were tried. And the plaintiff is free to do that and choose the remedy best suited to it. See, and that's the question. Is there case law to indicate after a full trial on both issues where you don't have inconsistent findings? Because in reformation and rescission, there are inconsistent findings. Fleming, Your Honor, if co-existent remedies are consistent with each other, a party may adopt all or select any one which it thinks best suited to the end thought and only the satisfaction of the claim in one case constitutes a bar to the other. That's Fleming on page 3. That's a bar to the other. Is that case about the election of remedies? It is not. It is a case where they had consistent, co-existent remedies that are consistent with each other, but you get double recovery. So in this case, like the one we've got now, we don't want everything. So here's a claim, a party may adopt all or select any which is why I went before the court, before the final judgment of the jurors, and said we want only counseling. But this isn't a case about double recovery. Well, it's able to hold specific performance in a breach of contract. The principle of law is still the same. If a party files and prevails on all these counts, they can choose the remedy best suited to them. This isn't something where we said, this would be entirely different if one, they had filed for dissolution, or two, we had a one-count complaint and said, Judge, you decide. But the statute requires an application by a partner, so you never get to count two unless you lose on count one. Well, how can you make a, I guess, if you lose on count one, how would you ever play on count two? If there was no wrongful conduct on behalf of the defendant, I would have lost on count one, but the court could come back and say, it wasn't wrongful, it didn't mean to do anything wrong. I'm not going to associate him, but I will terminate the partnership. You guys can't get along. But you didn't lose on count one. You didn't lose on count one. That's the point. Thank you, Your Honor. We will take this matter under advisement. Under advisement, render a decision. And now we'll take a break for a panel change.